Darrell Cochran
Kevin M. Hastings
Pfau, Cochran, Vertetis & Amala, PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
(253) 777-0799
darrell@pcvalaw.com
kevin@pcvalaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J.J., individually; and AMANDA JACKSON individually, <br><br> Plaintiffs, <br><br> vs. <br><br> OLYMPIA SCHOOL DISTRICT, a public corporation, <br><br> Defendant. | NO. 3:16-cv-05060 <br><br> COMPLAINT FOR DAMAGES <br><br> Demand for Jury Trial |

COMES NOW Plaintiffs, by and through their attorneys Darrell L. Cochran and Kevin M. Hastings, and the law firm of Pfau Cochran Vertetis Amala PLLC, to bring a cause of action against Defendants, and allege the following:

## I.   INTRODUCTION

1.   Between 2010 and 2012, a hazing ritual known as "BNDing" was rampant within the student athlete circles at the Olympia School District. Its origin is unclear but the hazing ritual consists of one student sticking his fingers up the anus of another student.

COMPLAINT FOR DAMAGES

Page 1

2. Students have provided statements and testimony about their experience with being victims of this BND hazing. One student said that it "happened multiple times by multiple people," in the locker room and at sporting camps. It was a "very common occurrence" that "happened a lot." The District had a "culture" of BND activity that has been described by students as older classmen hazing younger classmen.

3. The legend of BND hazing was equally pervasive, and students reported hearing about the hazing ritual as rumors spread throughout. One student has said that BNDing "was well known," particularly among student athletes. And sometime as early as the fall of 2010, a Facebook "BND" page had been created where those who were "next" would be identified in a status update.

4. The BND hazing culture was highly disruptive to District students' educational pursuits. Either they harbored feelings of humiliation from being a BND hazing victim, having had their anus violated by another student, or they were living in constant fear and apprehension that they were next. One boy, attacked in the BND hazing ritual at a basketball camp held at Western Washington University, left the District to attend a different high school even though his father remained to coach and his older brother remained to continue as a student athlete. J.J. suffered the humiliation, the fear and the alienation when he stood up to the hazing and reported it.

5. The District cannot allow hazing to occur, either by turning a blind eye to a sports "rite of passage" or because they fail to supervise their students. This lawsuit seeks to impose responsibility on the District for failing to supervise the students and compensation for the damages caused as a result.

## II. PARTIES

1. J.J., a minor when he was hazed and abused, was at all relevant times a student enrolled in the Olympia School District, Thurston County, Washington, under compulsion of the laws of the state of Washington, including but not limited to RCW 28A.225 et seq.

COMPLAINT FOR DAMAGES

Page 2

Plaintiff J.J.'s name is abbreviated to protect him as an abuse victim given the private nature of the allegations contained in this complaint. He currently resides in Florida.

2. Plaintiff Amanda Jackson is J.J.'s mother and was at all relevant times a resident of Thurston County, Washington. She currently resides in Texas.

3. Defendant Olympia School District (the "District") is a public corporation organized under the laws of the State of Washington and is authorized to be sued in such corporate capacity for its acts and those of its agents and employees. Defendant has its primary place of business in Thurston County, Washington, and is subject to the provisions of Title 28A of the Revised Code of Washington. At all times material, Defendant Olympia School District operated, and otherwise exercised control over, the public schools within the Olympia School District, including Jefferson Middle and Capital High School, for the benefit of the school-aged children residing in Olympia School District. Jefferson Middle and Capital High School are a public schools operated by Defendant Olympia School District and as such, Defendant Olympia School District is responsible for all conduct of agents and employees of the Olympia School District with respect to the attendance of J.J. at the school.

4. At all relevant times, Defendant Olympia School District had supervision and control of J.J. in loco parentis.

### III.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

6. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1). At least one Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to

COMPLAINT FOR DAMAGES

Page 3

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

8. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

9. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## IV.   FACTS

11. In the summer of 2010, the Capital High School basketball team invited J.J. to participate in a summer league camp in Seaside, Oregon. J.J. had just finished eighth grade and was going into ninth grade that fall. It was not unusual for teams to invite younger players to attend and participate in summer basketball camps. The Capital High School coaches invited J.J. to the camp because he is a talented basketball player.

12. One evening of the camp, the coaches left the hotel where the team was staying to drink beer at the local pub. Left unsupervised by coaches, several members of the basketball team approached J.J., pinned him down, and physically assaulted him. J.J. had just taken a shower and was still in his towel at the time. The physical assault included the digital penetration of his anus. J.J. pleaded with the players to stop, but the assault continued for

COMPLAINT FOR DAMAGES

Page 4

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

some time. J.J. was in that position because the coaching staff at Capital High School failed to provide adequate supervision.

13. Two years later, in June, 2012, J.J. participated in another summer camp with the Capital High School team at Western Washington University ("WWU") in Bellingham. Thirty-two players and five coaches from the high school attended. The students and coaches stayed in one of the dorms on campus.

14. While be driven by parents to the WWU camp in Bellingham, the BND hazing rituals were discussed among some students. Shortly after the student athletes arrived at WWU, Coach Doug Galloway held a meeting on a lawn with them and said they were not to haze any freshman. Players understood that this conversation was in reference to the BND hazing rituals, as rumors had been circulating about it. The rumors were even posted on various social media, where as early as the fall of 2010, a BND Facebook page was created to identify who was the "next" victim in the BND hazing ritual.

15. On Friday night, June 29, 2012, four of the Capital High School coaches planned to attend a coaches' "social" at a restaurant off campus. Investigation reports indicate the "social" consisted of in large part, beer drinking at a local pub. The fifth coach, Kraig Lathrop, had left earlier in the evening to meet a friend for dinner. As the four coaches left the dorm to head to the social, Doug Galloway left two of the varsity players in charge.

16. Later that evening and unsupervised by coaches, several players were gathered in one of the dorm rooms when one of the players said something like "Let's go get the freshman." They went to the freshman's room, knocked on the door, and were let in. At that point, several of the players jumped on the younger boys and physically assaulted them. J.J. tried to protect the younger students from the physical assault including the digital penetration of a young boy's anus. J.J. was next, and he was again digitally assaulted in his anus. J.J. was in that position during the Bellingham camp because the coaching staff failed to supervise despite the danger of ritualistic hazing and bullying behavior.

COMPLAINT FOR DAMAGES

Page 5

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

17. At the time of the assault, only one of the Capital High School coaching staff, Kraig Lathrop, was present in the dorm. He had returned from dinner with his friend and was in his room on the second floor (the freshman's room was on the first floor) when the assault took place. He heard the noise created by the players when they stormed the freshman's room but did not go check to see what happened.

18. Head coach Doug Galloway and the other coaches learned about the assault the next morning. An investigation ensued. During the course of that investigation, several students disclosed that they had heard of, or been a victim of, similar incidents of assault including digital penetration of the anus. Several students disclosed that this occurred up to two years prior to the assault at the Bellingham camp. Most of the players interviewed were familiar with the act of digitally penetrating another person's anus and said that it was known as "BND-ing". One player told an investigator that "BND-ing" is a way of "putting people in their place." Another said it usually involved "junior varsity players on freshman." Other students said that "BND-ing" was "traditional" and that it happened as part of the basketball and football programs at Capital High School.

19. "BNDing" was rampant within the student athlete circles at the Olympia School District for years before and during the relevant time periods to this lawsuit. It was a hazing culture.

20. There were several other victims of the BND hazing ritual. One student said that it "happened multiple times by multiple people," in the locker room and at sporting camps. It was a "very common occurrence" that "happened a lot."

21. The legend of BND hazing was equally pervasive, and students reported hearing about the hazing ritual as rumors spread throughout. One student has said that BNDing "was well known," particularly among student athletes.

22. In fact, before the basketball camp at Western Washington University, the coaches held a meeting to specifically tell students

COMPLAINT FOR DAMAGES

Page 6



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

23. The BND hazing culture was highly disruptive to District students' educational pursuits. Either they harbored feelings of humiliation from being a BND hazing victim, having had their anus violated by another student, or they were living in constant fear and apprehension that they were next. One boy, attacked in the BND hazing ritual at a basketball camp held at WWU, left the District to attend a different high school even though his father remained to coach and his older brother remained to continue as a student athlete.

24. J.J. suffered the humiliation, the fear and the alienation when he stood up to the hazing and reported it. He and his mother were both alienated and isolated by the school community who supported the basketball coach despite his failure to properly supervise students and prevent the very type of hazing that was known or should have been known about by school officials.

25. At all material times, the School District was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

26. The School District implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

27. The School District is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

28. The School District is responsible for the acts and omissions of its employees.

### V.   CAUSES OF ACTION

**COUNT I**
**VIOLATION OF TITLE IX**
**AS TO DEFENDANT OLYMPIA SCHOOL DISTRICT**
**(20 U.S.C. § 1681, *et seq*.)**

29. Plaintiffs re-allege the paragraphs set forth above.

COMPLAINT FOR DAMAGES

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

30. The sex-based harassment articulated above was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

31. The Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

a) Plaintiff was a member of a protected class;

b) He was subjected to sexual harassment in the form of a sexual assault;

c) He was subjected to harassment based on his sex; and

d) He was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

32. Defendant School District and its officials had actual knowledge of the sexual assault and the resulting harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's attacker(s) in a timely manner and consistent with its own policy and federal and state law.

33. The Defendant School District's failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Plaintiff, on the basis of his sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

34. Defendant School District failed to take immediate, effective remedial steps to resolve the sexual harassment and instead acted with deliberate indifference toward Plaintiff and other similarly situated students.

35. Defendant School District persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

36. Plaintiff has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

direct and proximate result of Defendant School District's deliberate indifference to his rights under Title IX.

## COUNT II
## VIOLATION OF § 1983
## AS TO DEFENDANT OLYMPIA SCHOOL DISTRICT
## (42 U.S.C. § 1983)

5.1     Plaintiffs re-allege the paragraphs set forth above.

37.     Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

38.     Defendant School District was acting under the color of state law at all relevant times.

39.     Defendant Plaintiff to violations of his right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate sexual misconduct; failing to appropriately discipline; failing to adequately train and supervise the assailants; and manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by other students.

40.     The School District has and/or had unconstitutional customs or policies of a) failing to investigate evidence of criminal and tortious misconduct against School District students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise School District employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

41.     On information and belief, the School District has followed these unconstitutional customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other School District students.

42.     Plaintiff has suffered emotional distress and psychological damage, and his character and standing in her community have suffered from the harassment fostered as a

COMPLAINT FOR DAMAGES

Page 9



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

direct and proximate result of Defendant's deliberate indifference to his rights under the Fourteenth Amendment.

## COUNT III
### *MONELL* LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE AS TO RESPONSE TO SEXUAL ASSAULT AS TO DEFENDANT OLYMPIA SCHOOL DISTRICT
**(42 U.S.C. § 1983)**

5.1   Plaintiffs re-allege the paragraphs set forth above.

43.   Defendant School District was a federally funded school system and "state actor."

44.   Defendant School District acted under color of law when failing to supervise, monitor, and respond to Plaintiff's sexual assault.

45.   Defendant School District failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

46.   Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

47.   Defendant School District should have known that its supervision, monitoring, and response to the sexual assault allegations must comply with federal law.

48.   Defendant School District violated Plaintiff's right to equal access by:

a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once it knew or should have known about possible sexual violence;

b. Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects;

c. Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

d. Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual misconduct. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

COMPLAINT FOR DAMAGES

Page 10



e. Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and

f. Failing to notify both parties of the outcome of the complaint.

49.     Defendant School District violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

50.     Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a result of Defendant School District's deliberate indifference to his right to equal protection under the Fourteenth Amendment.

## COUNT III
## NEGLIGENCE AS TO DEFENDANT
## OLYMPIA SCHOOL DISTRICT

51.     Amanda Jackson permitted her son, J.J., to play basketball for the District, relying on the Defendant Olympia School District and its employees, to provide a reasonably safe environment for the education of her child, and to protect her child's physical and mental well-being during school activities.  At all times material, Defendant Olympia School District, through its employees, assumed a duty of care for the safety and well-being of J.J., stood in loco parentis to its students and, as such, had a duty to protect J.J. from assaults including sexual assaults while J.J. participated in District activities.

52.     Defendant Olympia School District had physical custody of J.J. during the school activities at all times relevant, including the time period when J.J. was assaulted by teammates.  Defendant Olympia School District, through its employees, owed Plaintiffs an enhanced duty to protect J.J. while he was in its care under a school-student relationship.  The Defendant Olympia School District owed a duty to protect J.J. from physical harm, including sexual assaults, while engaged in school activities.

COMPLAINT FOR DAMAGES

Page 11

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

53. Defendant breached its duty and was negligent in the supervision and the protection over its students during school hours. Defendant failed to keep students safe from the foreseeable dangers it created when it left children unsupervised and allowed hazing to occur. The dangers of unsupervised children and hazing were especially foreseeable given that the Defendant Olympia School District knows hazing is a danger to be prevented, especially in sports programs, and it previously became aware of hazing and the inappropriate touching of young students in the Capital High School sports programs.

54. Defendants failed to use reasonable care to protect students from the harmful actions of other students when it failed to properly supervise and train its agents, employees, and students, who observed or became aware of episodes of inappropriate hazing behavior.

55. Defendant District, through its employees, including Capital High School coaching staff, violated its statutory duty set forth in RCW 28A and elsewhere, in failing to maintain good order, safety, and discipline at Olympia School District.

56. The above-mentioned acts and omissions by Defendant Olympia School District increased the risk of harm to minors, and put them in a position of increased danger.

57. Defendants was grossly negligent, or in the alternative, negligent, in the supervision, control, protection, and care of the pupils entrusted to it, including but not limited to, in failing to act with reasonable care to protect its children from harm and failing to train its employees to recognize and prevent such harm from occurring.

58. Defendant's negligence and violation of its statutory duty were a proximate cause of injury and damage to J.J. and his mother, Amanda, including physical and mental pain, suffering, and anguish.

## VI. RESERVATION OF RIGHTS

59. Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

COMPLAINT FOR DAMAGES

Page 12

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

## VII.   JURY DEMAND

60. Under the Federal Rules of Civil Procedure, Plaintiffs demand that this action be tried before a jury.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. That the Court award Plaintiffs appropriate relief, to include all special and general damages established at trial;

B. That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

C. That the Court declare the failure to have policies, procedures, and practices in place to report, prevent, and deter sexual hazing by students was tortious and unconstitutional, and deprived Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution;

D. That the Court grant Injunctive relief requiring Defendant School District to take effective steps to prevent sex-based harassment and hazing, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault and /or hazing; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault and /or hazing; and mitigate the effects of harassment and /or sexual assault and /or hazing, including by eliminating any hostile environment that may arise from or contribute to it

E. That the Court award Plaintiffs such other, favorable relief as may be available and appropriate under law or at equity;

F. That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law or ground in equity; and

G. That the Court enter such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES

Page 13



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

SIGNED this 22nd day of January, 2016.

                    PFAU COCHRAN VERTETIS AMALA PLLC

                    By: _____
                    Darrell L. Cochran, WSBA No. 22851
                    Kevin M. Hastings, WSBA No. 42316
                    Attorneys for Plaintiffs

4819-0216-6572, v. 1

COMPLAINT FOR DAMAGES

Page 14

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654