UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J.J. and AMANDA JACKSON,<br><br>              Plaintiffs,<br><br>    v.<br><br>OLYMPIA SCHOOL DISTRICT,<br><br>              Defendant. | CASE NO. C16-5060 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO AMEND CAPTION |

This matter comes before the Court on Defendant Olympia School District's ("District") motion for partial summary judgment (Dkt. 9) and motion to amend caption (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On January 22, 2016, Plaintiffs J.J. and Amanda Jackson (collectively, "Plaintiffs") filed a complaint against the District. Dkt. 1 ("Comp."). Plaintiffs allege the District failed to protect J.J. from sexualized hazing when he was a high school student. *See id.* Plaintiffs assert claims under 42 U.S.C. § 1983 and Title IX, as well as a state law claim for negligence. Comp. ¶¶ 30–55. Plaintiffs seek general damages and "punitive

damages under any provision of law under which punitive damages may be imposed."
*Id.* ¶¶ A–B.

On May 23, 2016, the District moved for partial summary judgment on Plaintiffs' claims for punitive damages. Dkt. 9. On June 13, 2016, Plaintiffs responded. Dkt. 14. The District replied that same day. Dkt. 15.

On May 24, 2016, the District moved to amend the case caption. Dkt. 10. On June 13, 2016, Plaintiffs responded. Dkt. 12. On June 15, 2016, the District replied. Dkt. 18.

## II. DISCUSSION

**A.     Punitive Damages**

The District seeks to dismiss Plaintiffs' claims for punitive damages, arguing municipal entities are immune from punitive damages under § 1983 and Title IX. Dkt. 9. Plaintiffs do not oppose dismissal of their punitive damages claims, but request that dismissal be without prejudice because they may name additional defendants against whom they may seek punitive damages. Dkt. 14 at 1.

Plaintiffs seek punitive damages against the District based on their § 1983 and Title IX claims. *See* Comp. ¶¶ 30–50, B. Punitive damages, however, may not be awarded against municipal entities under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Similarly, punitive damages are not available for private actions brought under Title IX. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *Mercer v. Duke Univ.*, 401 F.3d 199, 202 (4th Cir. 2005). The Court therefore grants the District's motion for partial summary judgment. The Court further finds that dismissal

should be with prejudice as the District's motion relates only to Plaintiffs' claims against the District and does not affect Plaintiffs' ability to seek punitive damages against other defendants who may be later added.

**B.     Case Caption**

The District also moves to amend the case caption, arguing J.J. is no longer a minor and therefore should proceed under his full name rather than under his initials. Dkt. 10. Plaintiffs, in turn, contend that J.J. should be permitted to proceed under his initials because this case involves a sensitive and highly personal matter. Dkt. 12 at 2.

As a general rule, the title of a complaint must name all the parties. Fed. R. Civ. P. 10(a). Thus, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts in this circuit "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

To determine whether a party may proceed under a pseudonym, the Court balances "the party's need for anonymity" with the "prejudice to the opposing party and the public's interest in knowing the party's identity."[1] *Id.* at 1068. "Applying this

---

[1] When a party seeks to proceed anonymously because of fear of retaliation, the Court applies a more nuanced balancing test. *See Advanced Textile*, 214 F.3d at 1068 (discussing five-factor test). In his response brief, J.J. states that he does not anticipate retaliation from the

balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (internal quotation marks and citations omitted). The decision to permit a party to proceed under a pseudonym is within the Court's discretion. *Id.*

After balancing the relevant factors, the Court concludes that J.J. may proceed under his initials at this time. Although J.J. is now an adult, he alleges he was the victim of sexual assault when he was a minor. *See* Comp. ¶¶ 1, 11–24. These allegations weigh in favor of using his initials. *See R.P. v. Seattle Sch. Dist.*, C13-2218MJP, 2014 WL 639408, at *1 (W.D. Wash. Feb. 18, 2014); *Doe v. Penzato*, C10-5154MEJ, 2011 WL 1833007, at *3, *5 (N.D. Cal. May 13, 2011). J.J. has also presented a declaration from Dr. Jon Conte ("Dr. Conte"), a professor of social work who evaluated J.J. after the hazing incidents. Dkt. 13, Declaration of Jon Conte ¶¶ 2–3. According to Dr. Conte, "[f]or male victims of sexual abuse in school settings, one of the trauma producing elements is embarrassment and the social stigma resulting from being sexually abused by another male." *Id.* ¶ 5. Dr. Conte further opines that "J.J. will experience significant psychological harm on a more probable than not basis" if his full name is disclosed. *Id.* ¶ 6.

---

disclosure of his identity. Dkt. 12 at 9. The retaliation balancing test is therefore inapplicable in this case.

ORDER - 4

As for harm to the opposing party, the District does not identify any prejudice it will experience if J.J. proceeds under his initials rather than his full name. Indeed, the District already knows J.J.'s identity. *See* Dkt. 12 at 11–12. With respect to the public's interest, the public has a common law right to know the identity of parties in court proceedings. *Advanced Textile*, 214 F.3d at 1067. That being said, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Penzato*, 2011 WL 1833007, at *3; *see also R.P.*, 2014 WL 639408, at *2. Moreover, Plaintiffs have not asked the Court to otherwise bar the public's access to this case. *See* Dkt. 12 at 2.

For these reasons, the Court denies the District's motion to amend the case caption. The Court, however, recognizes "that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textile*, 214 F.3d at 1069. Thus, this issue may be revisited if this case proceeds to trial.

### III. ORDER

Therefore, it is hereby **ORDERED** that the District's motion for partial summary judgment (Dkt. 9) is **GRANTED** and the motion to amend case caption (Dkt. 10) is **DENIED**.

Dated this 5th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge